## PAUL GREENLEE v. H. B. SMITH.
### No. 121.

1. VENDOR AND VENDEE—*Title*—*Notice.* Where A. sells real estate and executes and delivers a warranty deed thereto to the purchaser, B., which said deed is acknowledged before C. as notary public, and is delivered to B. through C., *held,* that C. had notice of the title of B. to said real estate.

2. ——— *Actual Notice of Previous Conveyance.* Where A. sells real estate and executes and delivers a warranty deed thereto to the purchaser, C., which said deed is acknowledged before C. as notary public, and where C. had notice that A. had formerly sold said real estate and executed and delivered a deed thereto to the former purchaser, B., *held,* that the deed to C. was invalid as against B. or his grantees or assigns.

3. EJECTMENT—*Tax Title*—*Limitation of Action.* A person who, under a tax deed, claims title to real estate which is in possession of another, must bring an action for the recovery thereof within two years from the time such action might first have been brought, or his right to recover such real estate under such deed will be barred by the statute of limitations.

4. ——— *Evidence of Title.* In an action of ejectment, it is error for the court to admit in evidence, to establish title in the plaintiff, an invalid deed or a tax deed barred by the statute of limitations.

5. ——— *Review*—*Contents of Brief.* Where, in an action of ejectment, the claim of title in the plaintiff is founded upon three separate transactions, and attempted conveyances, two of which are improperly admitted, by reason of which a new trial must be granted, and where no separate findings are made by the court upon the issues raised upon the other transaction or attempted conveyance, and no attempt is made in the briefs to discuss separately the questions raised by said issue, we must decline to define the rights of the parties under such issue.

MEMORANDUM.—Error from Miami district court; JOHN T. BURRIS, judge. Action in ejectment by H. B. Smith against Paul Greenlee. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein was filed October 7, 1896.

The statement of the case, as made by DENNISON, J., is as follows:

This is an action in ejectment brought in the district court of Miami county by H. B. Smith against Paul Greenlee and wife to recover the possession of lot 20 in block 10 in the city of Osawatomie. The petition alleges that the plaintiff is the owner in fee simple and entitled to the immediate possession thereof, and that for a long time he has unlawfully been kept out of such possession by the defendant. Mrs. Greenlee filed a disclaimer. Greenlee denied all the allegations of the petition except such as were expressly admitted, and admitted that he was, at the commencement of the action, in the actual, open and notorious possession of the lot and had been in possession thereof for more than three years last past and pleaded the statute of limitations. At the trial of the action in the district court, it was admitted that the title was originally perfect in the Osawatomie Town Company. Smith introduced in evidence a warranty deed dated and acknowledged August 17, 1880, from the Osawatomie Town Company to George Gilmore; said deed was signed by H. H. Williams, as president, and was acknowledged before H. B. Smith, as notary public. This deed had never been recorded, and had upon the margin the following indorsement:

"This deed is surrendered and quitclaimed and annulled to the Osawatomie Town Company, this 26th day of March, 1887.     GEORGE $\overset{\text{his}}{\text{X}}$ GILMORE.
"Witness: W. H. CAMPBELL."     mark.

Smith also introduced in evidence the following receipt, with the indorsements thereon, which he claimed was executed and delivered to him by Gil-

more, who signed for himself and claimed to sign as the agent of his wife :

"$50.   Received of H. B. Smith the sum of $50 in payment of the quitclaim interest that I have and Mary Gilmore to lot 20, block 10, city of Osawatomie, and I certify I have sold said H. B. Smith our quit-claim interest to said lot 20, block 10, for $100, and when we make him a deed for same he is to pay me the balance, $50.

GEORGE X GILMORE.
his mark.

"Witness :

W. H. CAMPBELL.

MARY X GILMORE."
her mark.

Indorsed : "March 26, 1887. The balance, $50, paid by surrender of town company deed in full payment."

Smith also introduced in evidence a warranty deed, dated and acknowledged on the 26th day of March, 1883, from the Osawatomie Town Company to H. B. Smith. This deed was signed by H. H. Williams, president of the town company, executed in the presence of H. B. Smith, acting secretary of the town company, and acknowledged before H. B. Smith, notary public, and filed for record February 8, 1887. Smith also introduced in evidence a tax deed, dated and acknowledged on December 18, 1885, and filed for record on January 13, 1886.   Greenlee claimed that he fenced the lot and took possession of it on March 25, 1887, under a contract of purchase made with George Gilmore, and upon which he had paid, prior to that time, the sum of $1, and that he was to pay the balance when Mr. Gilmore had paid the taxes and executed a deed of conveyance.   Mr. Greenlee claims that he wrote Mr. Gilmore a letter asking him for his lowest price upon the lot, and in reply received the following letter :

"LA CYGNE, KAN., March 21, 1887.

"*Mr. Paul Greenlee:*   DEAR SIR — Yours of the 19th received and duly read.   I cannot come up just now,

but if I can get $30, subject to the taxes, or $35 and me pay the taxes, I will send or bring the deed on them terms. There is a man wanting to buy it. He was wanting to trade me a horse, but if I can get the cash I would rather have it. We are all well at the present time. Hoping to hear from you soon, I will close for the present.        Yours truly,

GEORGE GILMORE.''

Greenlee claims that, in answer to that letter, he wrote Mr. Gilmore and accepted the offer, Gilmore to pay the taxes, and that he sent him $1 with his acceptance of this offer, and that Mr. Gilmore at once came to Osawatomie to close up the business and complete the sale. The case was tried before the court without a jury, and judgment was rendered against Greenlee and in favor of Smith, decreeing that Smith was the owner of the lot and entitled to the immediate possession thereof. Greenlee brings the case here for review.

*Sheldon & Sheldon,* for plaintiff in error.

*H. B. Smith,* and *Jno. C. Sheridan,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : The court made no separate findings of fact, and the question for us to consider is, whether Smith established his title to the lot and his right to recover the same. He introduced evidence endeavoring to prove his title by three different conveyances and transactions, and it must be conceded that, if he has established a legal title in himself through any one of these three transactions, he is entitled to recover. The conveyance by which Smith first attempted to obtain a title to the lot was the deed from the Osawatomie Town Company to him, dated and acknowl-

edged March 26, 1883, and filed for record February 28, 1887. At the time this deed was executed, the O'sawatomie Town Company had conveyed the lot to Gilmore, and H. B. Smith, as notary public, took the acknowledgment of H. H. Williams, president, to the deed. Gilmore testified that he only got a bond for a deed from Mr. Williams, but that H. B. Smith made out the deed and gave it to him, so that it cannot be said that Smith had no notice of the deed from the town company to Gilmore. Further than this, Smith, as notary public, took the acknowledgment of H. H. Williams to the deed executed March 26, 1883, in which said Smith was the grantee. "An acknowledgment of a deed, being a *quasi*-judicial proceeding, must be taken before some officer not interested in the land." (*Wills v. Wood*, 28 Kan. 400.) BREWER, J., in delivering the opinion of the court in the above case, says that a person, if interested in the land, is incompetent to take the acknowledgment of a deed in relation thereto, "on the principle that an acknowledgment is a *quasi*-judicial proceeding, and that no man can sit as a judge in a case in which he is interested." We must therefore hold that Smith did not establish his title and right of possession to the lot by reason of the deed from the town company to him executed in 1883.

The next attempt of Smith to procure the title to said lot was by virtue of the tax deed dated December 18, 1885, and recorded January 13, 1886. It must be conceded that, under our statute of limitations, Smith must have brought his action to recover under said tax deed within two years from the time the action might first have been brought. Smith could have brought his action to recover from Greenlee upon the day that Greenlee first took possession of the lot. There is no question that Greenlee had possession of

the lot. The petition recites that he had such possession, and the allegation of the petition is admitted in the answer. The only evidence introduced upon the trial which fixes the date when such possession commenced was that Greenlee took possession of the lot and fenced it on the 25th day of March, 1887. There is some evidence tending to show that the possession might have been a few days later than this, but all the evidence established the fact that it was either on said day or very shortly thereafter. Smith testified that a number of months after he purchased the lot from Gilmore he was down in that end of town and saw a wire fence stretched around the lot, and, after making some inquiry, found that Greenlee claimed the lot. This action was commenced on December 9, 1890, which was three years and about eight and a half months after the 25th day of March, 1887, and was certainly more than two years after Smith might have first commenced an action to recover under the tax deed. Therefore, Smith is not entitled to recover under the tax deed, for the reason that his right of action is barred.

Smith's next and last attempt to obtain the title to said lot was the transaction between Gilmore and himself on March 26, 1887, when he contracted with Gilmore for the latter's interest in said lot, and paid him $50, for which Gilmore gave him a receipt. During the conversation, and after the receipt had been given, Smith ascertained that Gilmore had the original deed which he had received from the town company, and that it was unrecorded, when Smith paid him the other $50, upon his making the indorsement mentioned above upon the receipt and also the quitclaim indorsement upon the deed. Upon this last transaction Smith takes nothing, by reason of the registry laws, as none

of the papers was filed for record.    He takes only what interest Gilmore had in the lot on March 26, 1887, at which time Gilmore quitclaimed to the town company and also in his receipt certified : "I have sold said H. B. Smith our quitclaim interest to said lot 20, block 10, for $100."    At that time, or at least very soon thereafter, Greenlee was in possession of said lot under a claim of title by virtue of the offer of Gilmore contained in the letter and his claim of acceptance thereof.    It may be said that the general finding of the court is a finding in Smith's favor upon this transaction.    Each side set up a claim to the lot, and the court decided in favor of Smith.    We are unable to say whether the finding was predicated upon the tax deed, or the deed of 1883, or the last transaction. The tax deed was barred, and the deed of 1883 was invalid.    The court erred in admitting either of them in evidence.    For this error a new trial must be granted.    We will not attempt to define the rights of the parties under the last transaction, for the reason that no finding was made by the court upon this transaction except the general finding, and the case is not properly briefed upon this question.    Upon a retrial of this case with the above incompetent evidence eliminated, the questions involved will be very much simplified.

The judgment of the district court is reversed, and the cause remanded for a new trial.

All the Judges concurring.